IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MICHAEL SHANE GANT,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀CIVIL ACTION NO. 3:11-CV-949-WHA
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀[WO]
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
JUDGE AL JOHNSON, *et al.*,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Defendants.⠀⠀⠀⠀⠀⠀)

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Michael Shane Gant ["Gant"], an indigent inmate presently confined at the Russell County Jail.  In this complaint, Gant challenges the constitutionality of actions taken by the Circuit Court of Russell County at his arraignment, questions the denial of a preliminary hearing on his state criminal charge and asserts claims regarding the validity of evidence obtained from him during an arrest where such evidence forms the basis for a criminal charge pending against him before the aforementioned state court.  Pl.'s Compl. (Doc. No. 1) at 2-3.  Gant seeks recusal of the judge assigned to his state criminal case, dismissal of his criminal case and monetary damages.  *Id* at 4.  It is likewise clear that issuance of a decision in favor of Gant on those claims arising from actions of the state court would result in the granting of declaratory relief from those actions.

Upon thorough review of the complaint, the court concludes that this civil action is due to be summarily dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

## II.  DISCUSSION

### A.  Request for Declaratory Relief from State Court Actions

1. <u>Non-Final Orders</u>.  To the extent Gant seeks relief from adverse decisions issued by the state court during his arraignment which are not yet final, he is not entitled to relief from this court on such claims as there is an adequate remedy at law.  *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law.").  Specifically, Gant could seek reconsideration from the trial court and/or appeal orders issued by the state court to the appropriate higher state court.  Since state law provides an adequate remedy for Gant to challenge non-final orders, the plaintiff is "not entitled to declaratory or injunctive relief in this case."  *Id*. at 1243.

2. <u>Final Orders</u>.  With respect to the claims presented by Gant attacking the

---

[1]  The court granted Gant leave to proceed *in forma pauperis* in this case.  Order of November 8, 2011 (Doc. No. 3).  A prisoner who is allowed to proceed *in forma pauperis* will have his/her complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires this court to dismiss a prisoner's complaint if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

constitutionality of orders issued by a state court which have become final in accordance with state law, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Gant from proceeding before this court as this case, with respect to any claims challenging final orders issued by a state court in pending criminal actions, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of the requests for relief from final actions undertaken by the state courts during proceedings related to the plaintiff's pending criminal case is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. State of Georgia Pardons & Paroles Bd.*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

### B.  Request for Monetary Damages from Judge Al Johnson

To the extent Gant seeks monetary damages from Judge Johnson regarding actions taken during state criminal proceedings, Gant is not entitled to relief as these allegations emanate from actions taken by Judge Johnson in his judicial capacity during state court proceedings over which he had jurisdiction.  The law is well established that a state judge is "entitled to absolute judicial immunity from damages for those acts taken while . . . acting" pursuant to his judicial authority.  *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000); *Forrester v. White*, 484 U. S. 219, 227-29 (1988); *Paisey v. Vitale in and for Broward Cnty.*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).  "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."  *Bolin*, 225 F.3d at 1239.  Accordingly, Gant's request for monetary damages from Judge Johnson is "based on an indisputably meritless legal theory" and is therefore due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii).  *Neitzke*

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

*v. Williams*, 490 U.S. 319, 327 (1989).[3]

## C.  Pending Criminal Charge

Under the decision issued by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."  The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions."  *Id*. at 43.  In this case, Gant has an adequate remedy at law regarding any claims attacking the propriety of the pending criminal charge and/or actions relative to the admissibility of evidence allegedly obtained from him in violation of his constitutional rights because he may pursue these claims through the state court system in the on-going state criminal proceedings.  *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985).  Moreover, the plaintiff has not alleged the existence of any special circumstance which creates a threat of irreparable harm.  The mere fact that Gant must endure state criminal proceedings fails to demonstrate irreparable harm.  *Younger*, 401 U.S. at 45.  This court is therefore compelled to abstain from considering the merits of Gant's claims, which place into question the admissibility of evidence and the constitutionality of the criminal charges pending against him before the Circuit Court of Russell County, Alabama, as such claims are

---

[3]  Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

not cognizable in a 42 U.S.C. § 1983 action at this time.  *Id*. at 43-44.  Consequently,

dismissal of these claims is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

### D.  Claims Arising on September 8, 2009

Gant challenges the constitutionality of actions taken against him on September 8,

2009.  Pl.'s Compl. (Doc. No. 1) at 2.[4]  It is clear from the face of the complaint that any

claim relative to these actions is barred by the statute of limitations applicable to an action

filed by an inmate in this court under 42 U.S.C. § 1983.[5]

> All constitutional claims brought under § 1983 are tort actions, subject to the
> statute of limitations governing personal injury actions in the state where the
> § 1983 action has been brought.  *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105
> S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985).  [The plaintiff's] claim was
> brought in Alabama where the governing limitations period is two years.  Ala.
> Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir.
> 1989) (en banc).  Therefore, in order to have his claim heard, [the plaintiff is]
> required to bring it within two years from the date the limitations period began
> to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

Gant presents claims arising from alleged unconstitutional actions which occurred on

September 8, 2009.  The tolling provision of Alabama Code § 6-2-8(a) is unavailing.[6]  Thus,

---

[4]  This date appears to reflect the date of Gant's arrest on a charge related to his possession of a controlled substance.

[5]  The exhibits filed by Gant indicate he first requested a section 1983 complaint form from jail officials on September 21, 2011.  Thus, the earliest possible date he could have filed the instant complaint using the requested form is September 21, 2011.  For purposes of determining expiration of the statute of limitations, the court will consider September 21, 2011 as the date of filing.

[6]  If an individual who seeks to commence a civil action "is, at the time the right accrues . . . insane" the running of the limitation period is tolled until "termination of the disability. . . ." not to exceed "20 years

the statute of limitations began to run with respect to these claims on September 9, 2009 and ran uninterrupted until it expired on September 9, 2011.[7]  As previously noted, the earliest date Gant could be considered to have filed the instant complaint is September 21, 2011. This filing occurred **after** the applicable period of limitation had expired.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense.  The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint.  *Clark v. Georgia Pardons & Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed."  *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous.  *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332."  *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the

---

from the time the claim or right accrued."  Ala. Code § 6-2-8(a).  Although Gant contends he suffered from "mental disorders" at the time of the challenged arrest, Pl.'s Compl. (Doc. No. 1) at 4, 6, he does not allege and the record is devoid of evidence that he was insane at the time of this arrest.  In addition, the court has thoroughly reviewed the records of several other cases filed herein by Gant and none reflect he has ever been deemed legally insane so as to warrant application of the tolling provision set forth in Alabama Code § 6-2-8(a).

[7] In computing the federal period of limitation, "exclude the day of the event that triggers the period[.]" Fed. R. Civ. P. 6(a)(1)(A).

answer." *Ali*, 892 F.2d at 440.  "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*."  *Id.*

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve).  "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Gant has no legal basis on which to proceed regarding claims arising on September 8, 2009 as he filed this cause of action over two years after these actions occurred.  As previously determined, the statutory tolling provision provides no basis for relief.  In light of the foregoing, the court concludes that Gant's challenges to actions which transpired on September 8, 2009 are barred by the applicable statute of limitations and these claims are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. Georgia Pardons & Parole Bd.*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. at 327.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims for declaratory relief with respect to orders/actions of the

state court be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i);

2.  The plaintiff's claims against Judge Al Johnson be DISMISSED with prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii);

3.  The plaintiff's claims relative to the pending criminal charge be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii);

4.  The plaintiff's claims regarding actions which occurred on September 8, 2009 be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff failed to file the complaint within the time prescribed by the applicable period of limitation; and

5.  This case be dismissed prior to service of process.

It is further

ORDERED that on or before **November 22, 2011**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 8th day of November, 2011.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

10